**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:20-CR-570** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE: DONALD C. NUGENT** |
| **V.** | ) | |
| | ) | |
| **NATHAN STEWART,** | ) | |
| | ) | |
| **Defendant.** | ) | **MOTION IN SUPPORT OF** |
| | ) | **SENTENCING** |
| | ) | |
| | ) | **JUDGE: DONALD C. NUGENT** |

**DEFENDANT'S SENTENCING MEMORANDUM**

## I. Introduction

Defendant Nathan Stewart is scheduled for sentencing hearing on May 25, 2022. On January 3, 2022, Mr. Stewart plead guilty to Count V: Conspiracy to Distribute With Intent to Distribute Methamphetamine in violation of 21 U.S.G 846 and Count VI Possession With the Intent to Distribute Methamphetamine 841(a)(1) and (b)(1)(A).

## II. Relevant Law & Argument

District courts have discretion in determining sentences according to the provisions of 18 U.S.C. §3553(a). *United States v. Booker*, **543 U.S. 220, at 259-60 (2005)**. Section 3553(a)(2) states that "a district court should impose a sentence sufficient, but no greater than necessary . . . (A) to reflect the seriousness of the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . training, medical care, or other correction treatment…".

Section 3553(a) further provides that the district court should weigh factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant"; the articulated policy goals of the guidelines"; "the need to avoid unwarranted sentence disparities" among similar defendants; and "the need to provide restitution to any victims of the offense." Section 3553(a)(1), (3)-(7).

The guidelines are merely one of the factors that the Court must consider in sentencing. When a district court imposes a sentence and it is reviewed for reasonableness, the focal point is on 18 U.S.C. § 3553(a). In Section 3553(a), there are numerous factors for a court to consider and under Booker's remedial holding, the sentencing guideline range is one of those factors. That is, while the guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant. See e.g., ***United States v. Webb*, 403 F.3d 373 (6th Cir. 2005)** ("While a district court must still give some consideration to the appropriate guideline range when making a sentencing determination, a court is no longer bound by the applicable guidelines.)

Once the appropriate advisory guideline range is calculated, the district court, as ***Booker*** requires, consideration of all of the relevant Section 3553(a) factors, including the guideline range, and then imposes a sentence. ***United States v. McBride*, 434 F.3d 470, 475-76 (6th Cir. 2006)**.

**III Acceptance of Responsibility**

Due to the nature of the Agreement, Mr. Stewart and the Government have agreed to not advocate for an upward or downward departure or variance. Both parties understand that the Court is not bound by the Agreement and may depart should he deem appropriate for Mr. Stewart.

It is our position Mr. Stewart has satisfied all of the requirements under the Statute for a minimum sentence. Indeed, Mr. Stewart cooperated with the Government's prosecution twice, providing information to the best extent of his recollection. Indeed, Mr. Stewart participated in these conversations with full awareness of, and concern about, the possible consequences associated with inmates, and people on the streets finding out about his disclosures to the Government. Mr. Stewart further admitted and accepted responsibility for his role in the conspiracy, having received the package containing drugs and intending to then distribute for sale.

## IV Offender Characteristics and Mitigating Factors

Mr. Stewart was born on March 20, 1982, to parents Nathanial Stewart, and Marcia Vance. As a child, Mr. Stewart was lighthearted and calm in demeanor, while a fierce commitment to loving and honoring his family. He, like most children, had dreams and aspirations of being a productive member of society, and by all means most of his adult life Mr. Stewart was. His parents experienced difficulty raising him due to their drug addiction. It was this initial introduction to the drug world that gives insight, but not an excuse, how Mr. Stewart finds himself in his present predicament. The Defendant spent a lot of time being raised by his older brother due to his parent's addiction. His older brother was incarcerated for selling drugs. In addition to having a family addicted to drugs and doing drugs he grew up in a high crime neighborhood and has also been a victim of violence. Mr. Stewart's family history of drug addiction by both his Mother and Father and subsequent drug selling by his older brother, coupled with his environment, like many other Like many other individuals born and raised in the inner city gives further insight into his actions.

Despite these obstacles that Mr. Stewart faced he still managed to graduate from Max Hayes Highschool in 2000. He is currently employed by Kay Pro Cleaning, which is owned by his wife,

Kachelle Jacobs. Mr. Stewart and Ms. Jacobs wed in May, 2021 and were in a relationship for over four years prior to that. The two currently reside together in an apartment in North Olmsted. The parties share a loving and committed relationship and Ms. Jacobs is supportive of Mr. Stewart. She has supported him through this ordeal and he is extremely appreciative of the balance his marriage has brought into his life. While the parties do not share any children together, Mr. Stewart is the proud father of three children. Perhaps the most remorseful piece of this ordeal Mr. Stewart finds himself, is the disappointment and shame his actions have brought to his children and wife.

Mr. Stewart, while not a perfect record, has had minimum contact with the criminal justice system, enjoying no prior felony convictions. This evidences how Mr. Stewart finds himself before the court. Prior to indictment Mr. Stewart had some financial troubles and erroneously turned to illegal methods of securing money. Mr. Stewart acknowledges this is not an excuse or even an explanation, but it is the reality of his circumstances. With a troubled childhood and little to no familial support to assist in hard times, Mr. Stewart turned to what he has seen and knew as a way to make money. This choice has cost him much more than he ever anticipated. In viewing the relevant factors and the totality of the circumstances, arguably it appears that Mr. Stewart is a strong candidate for minimum sentencing.

### III.    Conclusion

Counsel is reminded of a quote by the late Maya Angelou who once said, "At our very best, we are only human. And, at our very worst, we are only human." We ask this Court to consider that Mr. Stewart *is* only human and made a lot of mistakes. And like us all, even our most flawless expectations and unadulterated intentions are often blemished by the harsh reality that, in life, all of us fall short of the mark sometimes. Mr. Stewart has accepted responsibility and assisted

the Government to his greatest extent. Further, Mr. Stewart does not intend to ever find himself before this, or any other, Court ever again.

WHEREFORE, in reverence for the Agreement, Mr. Stewart asks this Court to impose a sentence at the lowest bound of the agreed upon guideline range.

Respectfully submitted,

/S/ TYRESH BROWN-O'NEAL
TYRESHA BROWN-O'NEAL, ESQ (0084636)
1220 W. Sixth Street,
308 Bradley building
Cleveland, OH 44114
Tel: (216) 861-2481
Fax: (216) 575-7664
tyreshabrown@hotmail.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, a copy of the foregoing *Memorandum* was filed electronically. Notice of this filing was sent to all parties via the Court's electronic filing system.

/S/ TYRESHA BROWN-O'NEAL
TYRESHA BROWN-O'NEAL, ESQ.
*Attorney for Defendant*