# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.:   1:20 CR 570 |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | JUDGE DONALD C. NUGENT |
| vs. ) | |
| ) | |
| NATHAN STEWART, ) | MEMORANDUM OPINION |
| ) | |
| Defendant-Appellant. ) | |

This matter is before the Court on Appellant Nathan Stewart's Motion for Leave to Proceed on Appeal *in Forma Pauperis*. (ECF # 119). On January 3, 2022, Mr. Stewart entered a plea of guilty on two charges: (1) Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, and (2) Possession with Intent to Distribute Methamphetamine. (ECF # 79). On April 25, 2022, the Court sentenced Mr. Stewart to the custody of the Bureau of Prisons for a term of 72 months of imprisonment, to be followed by a term of three years of supervised release. (ECF #113). Four days later, Mr. Stewart filed a Notice of Appeal. (ECF # 118). Through his retained counsel, Mr. Stewart filed the present motion, with an affidavit outlining his financial condition, on May 11, 2022. The government then filed a Response in Opposition to Defendant's Motion to Proceed *in Forma Pauperis* on May 20. (ECF # 120).

When deciding whether to allow a party to proceed on appeal *in forma pauperis*, the District Court must consider both the party's financial ability to pay for appeal costs and the merits of the appeal. Fed. R. App. P. 24; *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("[a]fter this required [financial] information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal"). Therefore, if a

district court finds the appeal to be meritless or frivolous, the court may deny a party's motion to proceed on appeal *in forma pauperis*. The district court has discretion as to whether a party may proceed *in forma pauperis*. *Flippin v. Coburn*, 107 Fed. Appx. 520, 521 (6th Cir. 2004).

Mr. Stewart's appeal would be without merit. He attests that he plans to raise two issues on appeal: "Reduce Sentencing" and "Ineffective Counsel." First, Mr. Stewart lacks standing to bring the issue of the length of his sentence on appeal. Mr. Stewart agreed to waive his right to appeal the length of a sentence imposed within the guidelines stipulated in the plea agreement. (ECF # 80, PageID 275). The Court imposed a within-guidelines sentence of 72 months. Therefore, an appeal to reduce the sentence would be without merit.

Second, Mr. Stewart's claim of ineffective assistance of counsel would be without merit. A claim of ineffective assistance of counsel requires a defendant to satisfy two elements: (1) that their attorney's conduct was deficient, and (2) that their attorney's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Stewart asserts that he plans to argue that his attorney's conduct was deficient because he had a difficult time getting in contact with her, and because he first went over the Presentence Investigation Report over zoom, without his attorney present, on the day of sentencing. To satisfy the first prong of the *Strickland* test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. While Mr. Stewart may have been inconvenienced by the level of communication between him and his counsel, the "miscommunication and noncommunication" (ECF # 119, PageID 505) does not rise to the standard required to satisfy

the first prong of *Strickland*. Furthermore, Mr. Stewart has not, until the present motion, raised any objection to the Presentence Investigation Report or his access thereto.

Even if Mr. Stewart's counsel had been ineffective, he has made no argument that his case was prejudiced by her performance. He does not claim that additional communications with his attorney would have affected his decision to plead guilty in this case, nor does he identify any error in the PSR that would have affected his sentencing. In fact, the record shows that his attorney provided effective representation, negotiating with the government to obtain a plea agreement that was beneficial to Mr. Stewart. As part of the plea negotiations, the government agreed to recommend a sentence within the advisory guideline range, rather than the statutory mandatory minimum, thereby saving Mr. Stewart at least four years of prison time. Mr. Stewart would be unable to satisfy either element of the *Strickland* test on the grounds that he raised in his motion; therefore, an appeal on ineffective assistance of counsel would be meritless.

Furthermore, the Sixth Circuit would not be likely to hear his claim of ineffective assistance of counsel brought in the first incidence on direct appeal.

> "In recognition of the fact that on direct appeal the record generally has not been sufficiently developed for assessing the merits of the allegation of ineffective assistance of counsel, we have adopted a general rule that a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal."

*United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). In the present case, the record lacks a sufficient basis for an assessment of Mr. Stewart's purported claim of ineffective assistance of counsel. First, Mr. Stewart has neither specified the level of difficulty he had in contacting his attorney nor demonstrated that her communication with him was insufficient. Second, there is nothing in the record to indicate that Mr. Stewart objected to the Presentence Investigation Report at sentencing or after. Even if Mr. Stewart's purported ineffective

assistance of counsel claim had merit, the Sixth Circuit would be unlikely to hear it on direct appeal.

Because Mr. Stewart's ostensible grounds for appeal are without merit, the Court need not determine his ability to pay the cost of an appeal. For the reasons stated herein, Mr. Stewart's Motion to Proceed on Appeal *in Forma Pauperis*, (ECF # 119), is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATE: August 1, 2022